NATIONAL CONSTRUCTION COMPANY *vs.* TRAVELERS' INSURANCE COMPANY.

Suffolk. March 8, 1900. — May 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Employers' Liability Insurance — Construction of Policy — Waiver of Condition.*

There is no waiver of performance of a condition in a policy of insurance against liability that "immediate written notice shall be given this company of any accident and of all alleged injuries, together with copies of all statements made by employees, and all other information in possession of the insured in any way relating to such accident," even if there is evidence that the defendant company was informed of the fact that the plaintiff at about the time of the accident had certain knowledge, unless at least the defendant knew that it not merely was dispensing with a further report, but also was doing away with an already absolute defence.

CONTRACT, upon a policy of insurance issued by the defendant against the liability of the plaintiff, for "accidental bodily injuries under circumstances which shall impose upon the insured a common law or statutory liability therefor." At the trial in the Superior Court, before *Lilley,* J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which, *Lilley,* J., having resigned, were allowed by *Mason,* C. J., under St. 1894, c. 412. The facts appear in the opinion.

*S. Lincoln,* for the defendant.

*W. Schofield & C. F. Appleton-Smith,* for the plaintiff.

HOLMES, C. J. This is an action upon a policy of insurance against liability. The plaintiff incurred a liability within the policy and suffered a judgment. The defendant set up the breach of a condition that "immediate written notice shall be given this company of any accident and of all alleged injuries, together with copies of all statements made by employees, and all other information in possession of the insured in any way relating to such accident." At the trial the plaintiff contended that it had no knowledge definite enough to call for a notice during the time of its failure to give notice, and that the defendant had waived performance of the condition. The defend-

ant asked the judge to rule that there was no evidence that the plaintiff gave the notice required or that the defendant waived the condition, and to order a verdict. The requests were refused, and the case is here on exceptions to these refusals and to instructions in the charge inconsistent with the requests.

The plaintiff's liability was for personal injuries to one Bridget Nelson, suffered by her in Malden, in August, 1893. The evidence of waiver relied on is simply that when Bridget Nelson brought an action against the city of Malden, and notice was sent by the city to the plaintiff and by the plaintiff to the defendant to defend the action, the defendant, in the language of its general manager, " did not refuse to look after the matter, in accordance with the terms of its policy." But the letter in which these words occur protested that the defendant had learned of the plaintiff's knowledge only within a few days, and insisted on the forfeiture. On September 11, 1894, the day this letter was written, the defendant abandoned the defence of the action against Malden, and later it declined to assume the defence of the action against the plaintiff, for the reason now insisted upon.

The general superintendent of the plaintiff testified that he heard of the accident the next morning after it happened, with some particulars, and the name of the driver of a car connected with or close to the accident. Within a month he knew the name of the woman who was hurt. He directed a subordinate to see the driver and to make a report, but no word was sent to the defendant before March, 1894. If this testimony was believed, there was a clear breach of condition. It is unnecessary to rehearse other evidence on the same point. A part of it at least seems to have been undisputed. Whether the plaintiff knew more or less, it was bound to give immediate notice to the defendant of all the knowledge it possessed if it wanted to save the policy.

In his instructions to the jury the judge allowed them to find a waiver if the superintendent knew no more about the accident before March 4, 1894, than was communicated to the company. As there was no evidence of any communication before March, this instruction meant that the jury might find a waiver if the plaintiff in March told all that it then knew.

But if the superintendent knew what he testified that he knew, there was a breach of the condition before March, for the superintendent's knowledge. was all acquired within a month or so from the accident in August, 1893; and it could not be contended that a report or communication in March, 1894, was seasonable. *Mandell* v. *Fidelity & Casualty Ins. Co.* 170 Mass. 173, 177. There was no evidence that the defendant was informed of the fact that the company at about the time of the accident had this knowledge; and if that fact was true, the supposed waiver would not be effectual unless at least the defendant knew that it not merely was dispensing with a further report, but also was doing away with an already absolute defence.

For the purposes of the case we may assume without deciding that the clause of the policy, " no agent has authority to waive or alter anything in this policy," would not apply to conduct of the general manager, that the defence of the first suit would be evidence of a waiver if the defendant knew of the forfeiture, and that the defendant could waive its defence conclusively by a simple election to do so. *Oakes* v. *Manufacturers' Ins. Co.* 135 Mass. 248, 249. *Roby* v. *American Central Ins. Co.* 120 N. Y. 510, 517. But still if the testimony was true which showed that the plaintiff had received information which should have been communicated to the defendant long before March, 1894, there was no evidence of a waiver because there was no evidence that the fact of the plaintiff's previous information and forfeiture of its rights under the policy was known to the defendant.

We have little doubt that the judge at the trial took the same view of the law that we do, and a portion of the charge comes very near to expressing it, but he also used language which naturally would be understood to make the only question to be whether the plaintiff communicated its information about the accident in March; he used this language at the end of the charge; and upon his attention being called to the point he said that he would leave that as it was.

*Exceptions sustained.*