## Jefferson Realty Company v. Employers' Liability Assurance Corporation.

(Decided October 10, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Insurance—Accident Indemnity Insurance—Notice of Accident— Effect of Failure to Give.—Where a policy of indemnity insurance provided that the company should be immediately notified of any accident, failure to give such notice within a reasonable time will defeat a recovery on the policy. Failure to give notice within a reasonable time cannot be excused on the ground of mistake, which was the result of negligence or inattention.

2. Insurance—Accident Indemnity Insurance—Delay in Giving Notice of Accident—Facts.—Where the owner of a building had insur-

ance against accidents, in two companies, on elevators in the building, and gave notice of an accident to the wrong company, and did not discover the mistake which was due entirely to negligence or inattention for about ten months after the accident, the notice was not given within a reasonable time, and the fact that the delay was caused by mistake did not excuse the giving of the notice.

3. Insurance—Accident Indemnity Insurance—Failure to Give Notice of Accident.—Where the failure to give notice of an accident is due to misfortune, casualty or other meritorious circumstance, the company may be held liable although the notice was not given within a reasonable time in the ordinary meaning of the words "reasonable time."

WILLIAM M. WATTS, FRED FORCHT, JR., for appellant.

O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In the Paul Jones Building, located in Louisville, and owned by the appellant realty company, there are four passenger elevators. The realty company took out insurance to protect itself from loss on account of accidents happening to passengers on two of these elevators in the Fidelity & Casualty Company of New York, and on two of them in the appellee assurance corporation. In February, 1909, T. M. Berry, a passenger, while using one of these elevators was seriously injured. Under the mistaken impression that the injury occurred in one of the elevators covered by the policy in the Fidelity & Casualty Company of New York, that company was at once notified of the accident by the realty company and without stopping to ascertain whether the accident occurred on an elevator insured by it, at once took such action as it deemed advisable to protect its interests. About a month after the accident, and in March, 1909, Berry brought suit against the realty company to recover damages for the injuries sustained in the accident, and the attorneys for the Fidelity & Casualty Company of New York, yet laboring under the belief that it was liable under its policy, undertook the defense of the case and continued in charge of it until January, 1910, the case not having been brought to a trial before this date. In January, 1910, it was discovered that the accident occurred in one of the elevators covered by the policy of the appellee company, and not the policy of the Fidelity

& Casualty Company of New York; and, upon making this discovery, the appellee company was at once notified and placed in possession of all of the information that had been collected by the Fidelity & Casualty Company of New York. But, taking the position that it was not liable because of the delay in giving it information of the accident and the institution of the suit it declined to have anything to do with the suit brought by Berry. This suit, however, was settled between the realty company and Berry, a short time after this, by the payment to Berry of $2,500 and costs, the appellee company not objecting to the settlement, although denying its liability. After making the settlement, this action was brought by the realty company against the appellee company to recover from it the amount paid to Berry. The petition set up the facts before mentioned, and also the conditions of the policy upon which it rested its cause of action. To this petition a general demurrer was sustained, and declining to plead further the action of the realty company was dismissed, and it prosecutes this appeal.

The policy issued by the appellee company stipulated that it would indemnify the insured against loss, subject to certain conditions, among which were these:

"Condition C. Upon the occurrence of an accident involving bodily injuries or death, the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the corporation's home office at Boston, Mass., or, to the corporation's authorized agent. If the claim is made on account of such accident, the assured shall give like notice thereof with full particulars. The assured shall at all times render to the corporation all co-operation and assistance in his power.

"Condition D. If thereafter any suit, even groundless, is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the corporation every summons or other process as soon as the same shall have been served on him, and the corporation will at its own cost defend such suit in the name and on behalf of the assured, unless the corporation shall elect to settle the same or pay the assured indemnity, provided for in Condition A hereof, in which case

the corporation shall not be liable for any further expense after such payment shall have been made.''

To defeat the action, the appellee company relied upon these conditions, although it did not insist that under them it was entitled to immediate notice, only claiming that it was entitled to reasonable notice of the accident and reasonable notice of the institution of the action by Berry. On the other hand, the realty company seeks to avoid this defense upon the following grounds which we take from its petition:

"Plaintiff states that, believing that the elevator on which said accident occurred was one of the elevators insured in the Fidelity & Casualty Company of New York, notified the said Fidelity & Casualty Company of New York of the occurrence of said accident, and said Fidelity & Casualty Company of New York, through its attorneys, and by mistake on the part of said attorneys believing that said accident occurred on one of the elevators insured in the said Fidelity & Casualty Company of New York, made an immediate investigation of the cause of said accident, obtained the statements of witnesses and made a thorough and complete investigation thereof; and that said injured man, T. M. Berry was removed to one of the infirmaries in the city of Louisville, and that the said Fidelity & Casualty Company of New York, through its attorneys, in the belief that said accident occurred on one the the elevators insured in its company, attempted to compromise said accident with said T. M. Berry, and said T. M. Berry refused and declined to make any proposition of compromise or settlement or consider any proposition of compromise or settlement. That thereafter, on the 15th day of March, 1909, the said T. M. Berry instituted an action in the Jefferson Circuit Court against this defendant, seeking to recover damages for the personal injuries sustained by him in said elevator accident. Upon the service of process upon this plaintiff, as defendant in said action, and by mistake, this plaintiff believing this accident had occurred upon one of the elevators insured in the said Fidelity & Casualty Company of New York, immediately turned over said process served upon it by the sheriff to the attorneys for the said Fidelity & Casualty Company of New York, and said attorneys for the Fidelity & Casualty Company of New York by mistake on their part, still believing that said accident occurred on one'

of the elevators insured in its company, took charge of the defense in said suit and have defended the same under the mistaken belief as hereinafter set out up to the time hereinafter set out. That thereafter such proceedings were had in said suit, that the same was assigned for trial on January 19, 1910, and after the institution of said action and before the date of said trial the said attorneys for the Fidelity & Casualty Company of New York, acting under the mistaken belief that said accident occurred on one of the elevators insured by its policies, attempted to compromise and settle the claim of the plaintiff but were unable to do so. The plaintiff says that on January 11, 1910, the attorneys for the Fidelity & Casualty Company of New York for the first time discovered that said accident did not occur on one of the elevators insured in its policy, but the same had occurred on one of the elevators insured in the defendant company; that said attorneys upon ascertaining this fact, at once and on January 11, 1910, informed this plaintiff of said fact, and this was the first time the plaintiff knew or had any reason to believe that the said accident had occurred on one of the elevators insured in the defendant company and that a mistake had been made in notifying the Fidelity & Casualty Company of New York of said accident and the institution of said suit by T. M. Berry. That immediately upon ascertaining said facts, and on January 11, 1910, the plaintiff informed the defendant company of the mistake and thereupon furnished it notice of said accident, and a notice of the institution of said suit, and furnished and delivered to the defendant company complete files of all pleadings and steps had in said action, and statements of all witnesses and the report of investigation and all information which had been obtained by the attorneys for the Fidelity & Casualty Company of New York from the date of said accident up to said date; and plaintiff says that the report of investigation made by the attorneys for the Fidelity & Casualty Company of New York was a complete one, made by the attorneys who were skillful in the investigation and defense of damage suit claims similar to that of the one here involved. And plaintiff says that said attorneys for the Fidelity & Casualty Company of New York had up to said date done everything that attorneys skilled in the investigation and defense of damage suits

similar to the one brought against it by said T. M. Berry do and under the same and similar circumstances. * * *

"Plaintiff says that the defendant company was in no wise prejudiced by the delay or failure upon the part of this plaintiff to notify it of the occurrence of said accident, and the institution of said suit against it by T. M. Berry; and this plaintiff states that if said mistake had not occurred, and if said company had been notified immediately upon the occurrence of said accident to said T. M. Berry and had been notified immediately of the institution of the suit against it by said T. M. Berry, that said company could not have made a different investigation or preparation of said accident and defense to said action, and said defendant could not have compromised or settled said claim of said. T. M. Berry for less than the amount for which this plaintiff settled the same as hereinbefore set out; and that the defendant company's rights were in no wise prejudiced by the mistake of this plaintiff as herein set forth."

Assuming as we may well do that the appellee company was entitled to be notified of the accident to Berry and of the institution of the action by him within a reasonable time after the accident occurred and the action was brought, two questions remain for decision—First: was the appellee company given notice of the accident and the institution of the suit within a reasonable time after the occurrence of these facts, and second: if it was not, did the alleged mistake on the part of the realty company excuse it from sooner giving these notices?

It will be observed that the realty company only attempts to justify the long delay in giving notice upon the single ground of mistake upon its part as to the company, that had insurance upon the elevator in which the accident occurred, but we think it might more correctly be said that the failure to give the notice was due to negligence or carelessness rather than mistake. But, however this may be, it is clear that the delay cannot be attributed to misfortune or other casualty, as the company immediately upon the happening of the accident knew in which one of the elevators it occurred, and it also had in its possession the policies in both companies, and by an examination of them could have easily ascertained which one of the companies had insurance on the elevator in which the accident occurred. Nor is it claimed, nor could it be, that it did not have immediate

notice of the institution of the action, and we think it may be assumed without discussion that the appellee company was not given notice of the accident or the suit within a reasonable time in the ordinary meaning of the words "reasonable time." So that unless it can be ruled that the alleged mistake that caused the delay had the effect of extending beyond the limits of what would constitute reasonable time under ordinary circumstances the period in which notice should be given, the decision of the lower court was correct as a matter of law. It is manifest that if we should say that the appellee company was liable because the other company had the notice and took the action referred to, we would necessarily disregard entirely the conditions in the policy entitling the appellee company to reasonable notice, as these conditions, if they mean anything, mean that the notice provided for must be given to the company itself and not to a stranger to the contract. To hold that notice to some one else would answer as well as notice to it would be to make a new contract for the parties and one radically and materially different from the one they made for themselves. The fact that notice was given to another company engaged in similar business does not make the case for the realty company any stronger than it would have been if the notice had been given to an individual or some corporation engaged in a different business.

The appellee company had the right to make its own investigation of the cause of the accident in its own way and to defend in its own way the suit of Berry. In short, the case for the realty company is the same as if it had overlooked or forgotten that it had liability insurance and did not discover that it had until about eleven months after the accident, but in the meantime had carefully investigated the cause of the accident and saved every right that could be saved to protect itself from loss.

Therefore, the question on this point comes down to the inquiry, whether the facts admitted on the record, that the appellee company was not prejudiced by the delay, excused the realty company from the duty of giving within a reasonable time the notices provided for in the condition of the policy, to which reference has been made, and upon this ground it is strongly pressed that the judgment below should be reversed. But in our opinion it is

wholly immaterial whether or not the appellee company was prejudiced by the unreasonable delay. If it could have been shown that it had been benefited this fact would not affect the question. A reasonable compliance with the conditions of the contract relating to notice is indispensible to fix liability. These conditions are a material and important part of the contract and should not be deliberately set aside as of no moment. Having this view of the matter it will be seen that the liability of the appellee company depends on the question whether or not under the circumstances the notice was given in a reasonable time. There are cases holding that meritorious circumstances may extend beyond what would ordinarily be reasonable time in which the insured may give notice required by policies like this to be given within a reasonable time. But in this class of cases with few exceptions it was made to appear that the party whose duty it was to give notice was prevented by casulty or misfortune of some kind from giving it. Illustrations of this exception to the general rule may be found in Maryland Casualty Co. v. Burns, 149 Ky.. 550; Phillips v. Benevolent Society, 120 Mich., 142, and in the many cases cited in the note to Jennings v. Brotherhood Accident Co. 18 L. R. A., n. s. 109.

In Hope Spoke Co. v. Maryland Casualty Co. (Ark.), 143 S. W. 85, through mistake as to the name of the company in which the policy of indemnity was held, notice was not given to the correct company until thirty-two days after the accident, and the court held that this delay was not, under the circumstances, unreasonable. But in so holding, controlling importance was attached to the fact that the policy as construed by the court did not make the giving of the notice a condition precedent to liability on the part of the company, and also held that the short delay in giving the notice did not prejudice the rights of the company.

In Frank Parmellee Co. v. Aetna Ins. Co., 166 Fed. Rep., 741, the indemnity company had immediate notice of the accident, but the notice of the filing of a suit was not given in reasonable time, and it was held that the company could not defeat a recovery for failure to give notice of the institution of the suit.

These two cases are relied on by counsel for appellant, but we do not think they support his contention that the delay in this case was excusable. With the exception

of these two cases, which are more favorable to appellant than any we have found, the great weight of authority supports the view we have taken that a condition like the one in the policy we are considering is a reasonable and material condition, and that substantial compliance with it in a reasonable time is essential to fix liability and a prerequisite to a recovery on the policy. Smith, etc., Co. v. Travelers Ins. Co., 171 Mass., 357; Underwood Veneer Co. v. London Guaranty Co., 100 Wis. 378; Union Central Ins. Co. v. U. S. F. & G. Co., 199 Md., 432, 58 Atl., 437; National Concrete Con. Co. v. Travelers Ins. Co., 176 Mass., 121, 57 N. E., 350; Deer Trail Con. Minn. Co. v. Maryland Ins. Co., 36 Wash., 46, 67 L. R. A., 275; Travelers Ins. Co. v. Meyer, 62 Ohio St., 529, 49 L. R. A., 760.

As the notice here was not given in reasonable time, and as mere mistake the result of carelessness and inattention is not sufficient excuse to extend the time beyond what would ordinarily be reasonable, the judgment of the lower court dismissing the petition was correct and it is affirmed.