SHERWOOD ICE COMPANY *vs.* U. S. CASUALTY CO.

APRIL 30, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1) Liability Insurance. " Immediate Notice." Question of Law.*

Plaintiff having two policies of liability insurance, in different companies, covering separate operations in its business, by mistake as to which policy covered its liability in respect to an accident, forwarded its written report and notice of the accident to the wrong company, which mistake was not discovered by it for about five months, when notice was given. Under the conditions of the policy defendant agreed to indemnify plaintiff subject to the condition that plaintiff should give immediate written notice of an accident and of any claim made on account thereof.

*Held,* that as the facts were undisputed and no sufficient excuse was

shown for the delay, as a matter of law "immediate notice" was not given to defendant.

*Held*, further, that the condition as to notice was a reasonable and material condition and substantial compliance with it in a reasonable time was a prerequisite to recovery on the policy, and it was immaterial that defendant was not prejudiced by the delay.

*Held*, further, that the fact that by endorsement attached to the policy defendant agreed to indemnify plaintiff for liability under the Workmen's Compensation Act, by the provisions of which defences against claims for injuries are greatly reduced, was immaterial, where such endorsement was expressly made subject to all the conditions of the policy.

ASSUMPSIT.    Heard on exceptions of plaintiff and overruled.

BAKER, J.    This is an action of assumpsit commenced in the District Court of the Sixth Judicial District in which a jury trial was claimed on entry day.    It is brought on an indemnity insurance policy and on the common counts to recover a certain sum, to wit, $351.49, alleged to have been paid out by the plaintiff under and by virtue of the provisions of the Workmen's Compensation Act on account of personal injuries to one of its employees by accident arising out of and in the course of his employment, which said sum the plaintiff alleges the defendant should pay to and indemnify it under the terms of said policy.    The case was tried in the Superior Court before a justice sitting with a jury.    Aside from the policy in question offered in evidence, the testimony in the case consists wholly of admissions read into the records as follows:

"The defendant admits the following facts:    That the defendant on the 11th day of June, 1912, issued to the plaintiff corporation the defendant's policy of liability insurance No. T-706732, called 'Teams Liability Policy,' to which was attached 'Teams Property Damage Endorsement No. TDE-566,' and also a Workmen's Compensation endorsement called 'Combination Coverage,'

which said workmen's compensation endorsement be-
came effective on the 1st day of October, 1912, said policy
and endorsements being introduced in evidence as plain-
tiff's Exhibit A.

That during the time said policy and endorsements
were in force, namely, on the 15th day of March, 1913,
one Joseph Plante, who was one of the drivers referred
to in Statement 8 of said policy, while in the employ of
the plaintiff as a driver of one of its ice wagons, received
a personal injury by accident arising out of and in the
course of his employment with said plaintiff, said injury
being a fracture of the left patella.

That the plaintiff has in all things observed, performed,
fulfilled and kept all the conditions in said defendant's
policy of insurance incumbent upon said plaintiff to
observe, perform, fulfill and keep; except that said de-
fendant does not admit that the plaintiff gave immediate
written notice of said accident to said Plante to the de-
fendant, in accordance with requirements in said policy.

That at the time of receiving said injury, said Joseph
Plante's average weekly wages were $11.54, and said
Joseph Plante was confined in a hospital because of said
injuries for a period of 18 weeks and was disabled from
work in all for a period of 64 weeks, of which 54 were
weeks of total incapacity for work and 10 were weeks of
partial incapacity for work, so that under and by virtue
of the provisions of the Rhode Island Workmen's Com-
pensation Act the plaintiff as employer became liable to
pay to said Joseph Plante as employee a weekly com-
pensation and bills for hospital and medical services and
for medicines amounting in all to the sum of $351.49, the
which payments the said plaintiff as employer was
ordered and decreed by said Superior Court to make to
said Joseph Plante as employee, said order and decree
being entered by said Superior Court on the 19th day of
April, 1913, all of which said payments were made after

the entry of said decree.   The last of said payments was made on June 4, 1914.

That said payments, so ordered by said court, were proper and necessary payments under said Workmen's Compensation Act, based upon the actual injury and disability of said Joseph Plante.

(1)   That at the time of said injury to said Plante, namely, on March 15, 1913, said plaintiff also carried a certain other policy of liability insurance, with similar compensation endorsement, in the Travelers' Insurance Company of Hartford, Connecticut, which said Travelers' policy covered other operations of the plaintiff than were covered in said policy of said defendant company.   That said plaintiff, by mistake as to which of its said insurance policies covered said plaintiff's liability in respect to said accident to said Plante, on March 15, 1913, forwarded its written report and notice of said accident to said Travelers' Insurance Company, instead of to said defendant company.

That said mistake was not discovered by said plaintiff until the month of August, 1913, and immediately upon the discovery of said mistake, said plaintiff, through its agent, sent a written report and notice of said accident to said Plante to the said defendant company, on the 4th day of August, 1913, said written notice and report being received by said defendant company on the 5th day of August, 1913, at the defendant's Home Office in New York City.

That with said written notice and report said plaintiff's agent sent to said defendant company a request that under the terms of said defendant's policy said defendant company reimburse said plaintiff for the payments theretofore so made by said plaintiff to said Plante, and that said defendant company also pay to said Plante the further and future payments that were to become due under said order and decree of said Superior Court, both

of which said requests said defendant company refused, denying liability therefor.

That the Travelers' Insurance Company made certain of the payments to said Joseph Plante and said plaintiff made the balance of the payments to said Joseph Plante ordered and required by said decree of said Superior Court, which total the sum of $351.49, and that prior to the commencement of this action, said plaintiff reimbursed the Travelers' Insurance Company for the payments made by it.

That said defendant, the United States Casualty Company, though requested, has not indemnified the said plaintiff for its said expenditure of $351.49, and has not repaid said amount to said plaintiff.''

At the conclusion of the testimony the defendant moved for the direction of a verdict in its favor, which motion was granted. The plaintiff excepted to this ruling and the case is before this court on such exception. One of the conditions of said policy is as follows: '' Condition B. When any accident happens the Assured shall give immediate written notice thereof to the Company at its Home Office in New York City or its duly authorized agent. If any claim is made on account of such accident the Assured shall give notice thereof. If any suit is brought to enforce such a claim the Assured shall immediately forward to the Company at its Home Office in New York City every summons or other process as soon as the same is served on him, and the Company shall defend such suit (whether groundless or not) in the name and on behalf of the Assured. All expenses (legal and otherwise) incurred by the Company in defending such suit and all court costs assessed against the Assured shall be paid by the Company (whether the verdict is for or against the Assured) regardless of the limits of liability expressed in Condition M. The Assured shall always give to the Company all cooperation and assistance pos-

sible.   The Company shall have the right to settle any claim or suit at its own cost at any time."

The court directed a verdict for the defendant on the ground that the evidence showed that the plaintiff had not complied with the foregoing condition by failing to give "immediate written notice" of the accident in question to the defendant.

The plaintiff urges that the question of whether it gave notice in accordance with the provisions of the condition was a question for the jury and not for the court.

Referring to the time when notice should be given under provisions of this character in insurance policies, the rule of interpretation is stated in 14 R. C. L. 1329 as follows: "A provision that notice must be given 'immediately' or 'forthwith' or 'as soon as possible,' means that the notice must be given within a reasonable time under the circumstances of the case.   What is a reasonable time is a question of law when the facts are undisputed and the inferences certain, but when the facts are disputed or the inferences uncertain it is a question for the jury."

This same rule as to whether the words "a reasonable time" is a question of fact for the jury or a question of law for the court has been applied by this court in determining whether a promissory note payable on demand is overdue for the purposes of negotiation in *Bacon* v. *Harris,* 15 R. I. 599, 603, where it said: "Whether what is reasonable time is a question of law for the court, or a question of fact for the jury is a matter which has been a good deal controverted; but undoubtedly the better view is that, except where the facts are few, simple, and undisputed, in which case the court shall decide, it should be left to be decided by the jury under the direction of the court, upon the particular circumstances of the case." See, also, *Guckian* v. *Newbold,* 23 R. I. 553, 556, where the same question arose.   In the former case it was held to

be a question for the jury, in the latter case a question of law for the court.

The plaintiff has cited a large number of insurance cases in which the question of reasonable time in connection with a requirement of " immediate notice " has been held to be one for the jury. In a large majority of them notice was given within eight days or less. In three cases, in which the delay was 31, 44 and 48 days respectively, in one where the delay was four months and four days in giving the notice, and in another in which there was eleven months' delay, there were the excuses of disability, ignorance of the accident itself or that the injury was due to the accident and the like, immediate notice having been given after the removal of the cause of delay. See *Lyon* v. *The Railway Passenger Assurance Co.,* 46 Iowa, 631; *Hughes* v. *Central Accident Insurance Co.,* 222 Pa. St. 462; *Remington* v. *Fidelity & Deposit Co. of Maryland,* 27 Wash. 429; *Crane* v. *Standard Life and Accident Insurance Co.,* 6 Ohio Decisions, 118; *Empire State Surety Co.* v. *Northwest Lumber Co.,* 203 Fed. 417.

On the other hand, where the facts were not in dispute, and the delay was unexcused, comparatively brief periods of delay have been held as a matter of law to be a breach of the condition to give immediate notice. See *Smith &c. Mfg. Co.* v. *Travelers' Insurance Co.,* 171 Mass. 357, where there was a delay of 27 days due to forgetfulness; *Foster* v. *The Fidelity & Casualty Co. of New York,* 99 Wis. 447, with a delay of 29 days after knowledge of the facts; *Rooney* v. *Maryland Casualty Co.,* 184 Mass. 26, with a delay of 23 days after the accident; *The Railway Passenger Assurance Co.* v. *Burwell,* 44 Ind. 460, where there was a delay of only six days; *Myers* v. *Maryland Casualty Co.,* 123 Mo. App. 682, with a delay of six weeks; *Oakland Motor Car Company* v. *American Fidelity Co.,* 155 N. W. 729 (1916), with a delay of three months; and

*Travelers' Insurance Co.* v. *Nax,* 142 Fed. 653, there having been a delay of 139 days after the accident.

In the present case there was a delay of 142 days in giving the notice to the defendant. The plaintiff knew of the accident on the day of its occurrence, March 15, 1913, and showed its understanding of the condition of the policy now in question, and its ability to comply with it by mailing that day a notice of the accident to another company. By its own careless mistake it sent the notice to the Travelers' Insurance Co. of Hartford. Inasmuch as the facts are undisputed, and inasmuch as no sufficient excuse is given for the delay in notifying the defendant of the accident, we find as a matter of law that the plaintiff did not give immediate notice to the defendant of the accident to said Joseph Plante, as required by Condition B of the policy in question.

But the plaintiff claims that whether notice of the accident was given as required by the policy is immaterial unless defendant was prejudiced by not having been given notice sooner.

It appears from the statement of facts admitted by the defendant that, while long before it had notice of the accident by proceedings in the Superior Court the fact and extent of the liability of the plaintiff to its injured employee had been established, " said payments, as ordered by said court, were proper and necessary payments under said Workmen's Compensation Act, based upon the actual injury and disability of said Joseph Plante," and, therefore, it does not appear that the defendant was prejudiced by the delay in giving the notice. The plaintiff cites two cases in support of this claim, *Frank Parmelee Co.* v. *Aetna Life Insurance Co.,* 166 Fed. 741, and *Hope Spoke Co.* v. *Maryland Casualty Co.,* 102 Ark. 1 (1912). In the former case immediate notice of the accident was given the indemnity company, but notice of the commencement of an action against the insured was

given only after the lapse of nearly two years, as service of the summons was made on a former officer of the insured company. Immediately on accidentally discovering the pendency of such action, the insured notified the indemnity company. The court held that there had been a substantial compliance with the contract, adding, " In contracts of this kind, to escape liability, the insurer must show that the breach is something more than mere technical departure from the letter of the bond — that it is a departure that results in substantial prejudice and injury to its position in the matter," citing *Rumford Falls Paper Co.* v. *Fidelity & Casualty Co.,* 92 Me. 574, and *Ward* v. *Maryland Casualty Co.,* 71 N. H. 262. We find nothing in the Maine case supportive of the last above quotation. The court in the other case, in discussing the meaning of the word immediate and the object of giving the different notices required, says, " a delay of weeks in giving notice of the employee's suit might not prejudice the defendants " . . . " while a much shorter delay in giving notice of the accident might prevent them from ascertaining the truth about it," adding in substance that in each case such notice should be given that in view of all the circumstances it would be reasonably immediate. Immediate notice of the accident had been given, and notice of commencement of suit was given eighteen days after service on one partner and two days after service on the other partner, the insured being a partnership. *Held,* that notice of suit satisfied conditions of policy.

In *Hope Spoke Co.* v. *Maryland Casualty Co., supra,* by mistake of the insurance broker, from whom the insured obtained the policy, notice was given to the wrong insurance company, but not to the defendant company until 32 days after the accident, when the mistake was discovered. The court held that in the policy in that case there was no express stipulation that the requirement as

to notice was of the essence of the contract, and, there-
fore, a condition precedent to the right of recovery, and
distinguished it from other cases in which the language
was different, among them *Underwood Veneer Co.* v.
*London Guarantee & Accident Co.,* 100 Wis. 378, where
the policy by its express terms was issued "subject to the
agreements and conditions indorsed thereon," among
provision as to giving notice is not of the essence of the
contract "unless it is shown to materially affect the rights
which was the provision for immediate notice of accident,
and that in the absence of such express stipulation this
the rights of the parties, saying, "Appellee received
notice of the accident in time to make a full investigation
and to investigate to its satisfaction. It is not claimed
that it suffered any loss or injury by reason of not having
received the notice earlier. The defense is purely
technical and without any substantial merit." In the
present case the defendant in its policy agrees to indem-
nify the plaintiff against certain specified losses " subject
to the following conditions," included in which is Con-
dition B above quoted. The case at bar is accordingly
of the parties in the given case." The court held that in
the case before them an earlier notice was not material to
distinguishable from the Arkansas case. The plaintiff
also cites on this point four Washington cases, all being
actions against surety companies on contractors' bonds,
but which do not seem to be sufficiently important to re-
ceive special comment.

*Jefferson Realty Co.* v. *Employers' Liability Assurance Corporation,* 149 Ky. 741 (1912), is a case in
which the facts are very similar to those in the case at
bar. The defendant in that case had issued to the
plaintiff a policy in which it agreed to indemnify the in-
sured against loss, subject to certain conditions, among
which was " Condition C. Upon the occurrence of an
accident involving bodily injuries or death, the assured

shall give immediate written notice thereof . . . to the corporation's home office . . . or to the corporation's authorized agent.'' The policy covered accidents to passengers in two passenger elevators in a building in Louisville owned by the assured, which also had an indemnity policy of insurance in another company, covering accidents happening to passengers in two other elevators in the same building. In February, 1909, a passenger was seriously injured in one of the elevators covered by the defendant's policy. Notice of the accident was immediately given to the other indemnity company, which immediately took such action as it deemed advisable to protect its interests. The injured passenger brought suit against the insured in March, 1909, and the attorneys of the other insurance company undertook the defense of the case and continued in charge of it until January, 1910, the case not having been brought to trial at that time. In January, 1910, it was discovered that the accident had occurred in one of the elevators covered by the defendant's policy, whereupon it was at once notified and placed in possession of all the information which had been collected by the other company. The defendant claimed that it was not liable, because of the delay in giving it information of the accident. In the court below a demurrer to plaintiff's declaration or petition was sustained and plaintiff appealed. The court on review said that there were two questions for decision: first, Was notice given within reasonable time? which it answered in the negative; second, Did the mistake of the assured excuse it from giving the notice earlier? As to this it said that the failure to give notice was due to negligence or carelessness, and after some discussion added: '' Therefore, the question on this point comes down to the inquiry, whether the facts admitted on the record, that the appellee company was not prejudiced by the delay, excused the realty company from the duty of giving within a reasonable

time the notices provided for in the conditions of the policy, to which reference has been made, and upon this ground it is strongly pressed that the judgment below should be reversed. But in our opinion it is wholly immaterial whether or not the appellee company was prejudiced by the unreasonable delay. If it could have been shown that it had been benefited this fact would not affect the question. A reasonable compliance with the conditions of the contract relating to notice is indispensable to fix liability. These conditions are a material and important part of the contract and should not be deliberately set aside as of no moment." The appellant in that case relied, as does the plaintiff in this case, on *Hope Spoke Co.* v. *Maryland Casualty Co., supra,* and *Frank Parmelee Co.* v. *Aetna Insurance Co., supra.* The court after commenting upon them said: " With the exception of these two cases, which are more favorable to appellant than any we have found, the great weight of authority supports the view we have taken that a condition like the one in the policy we are considering is a reasonable and material condition, and that substantial compliance with it in a reasonable time is essential to fix liability and a prerequisite to a recovery on the policy," citing *Smith Mfg. Co.* v. *Travelers' Insurance Co., supra; Underwood Veneer Co.* v. *London Guarantee & Accident Co., supra; Union Central Ins. Co.* v. *U. S. Fidelity & Guaranty Co.,* 99 Md. 423; *National Construction Co.* v. *Travelers' Insurance Co.,* 176 Mass. 121; *Deer Trail Consolidated Mining Co.* v. *Maryland Casualty Co.,* 36 Wash. 46, and *Travelers' Insurance Co.* v. *Myers,* 62 Ohio St. 529.

In this connection see, also, Cooley's Briefs on Insurance, Vol. IV, 3570; *Travelers' Insurance Co.* v. *Nax, supra; Hatch* v. *United States Casualty Co.,* 197 Mass. 101, 105, and *Rumford Falls Paper Co.* v. *Fidelity & Casualty Co., supra,* in which last case the court says:

" It must be remembered, in the first place, that this policy of insurance is a contract of indemnity in which the parties have a legal right to insert any conditions and stipulations which they deem reasonable or necessary, provided no principle of public policy is contravened. . . . These corporations had the same right that individuals have to make their own contract. The court has no power to add to it or take from it. The function of the court is to interpret it not to make it."

We think the doctrine enunciated in the Kentucky case, *supra,* is the correct one, and are of the opinion, therefore, that the claim of the plaintiff that its breach of the condition to give immediate notice of the accident will not bar its right to recover under the policy, it not appearing that the defendant was prejudiced by the delay, is not well founded.

The plaintiff also urges that its failure to give notice should not bar its right to recover because by virtue of an endorsement attached to the policy the defendant agreed to indemnify the plaintiff for liability under the Workmen's Compensation Act by the provisions of which the defences against a claim for injuries caused by accident are reduced to very narrow limits. Undoubtedly under this act the notice of an accident for the reason suggested becomes of less importance than formerly. But the endorsement contains this provision, " This endorsement is subject to all the conditions, provisions and limitations of the policy, except as herein stated," and there is in the endorsement no release from or modification of the requirement to give immediate notice of an accident. In these circumstances we do not see why the plaintiff should be relieved from keeping a condition held· to be of the essence of the contract as originally entered into, and expressly retained by the terms of the endorsement. In

other words, the court will interpret the contract of the parties, but not make a new one for them.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.