**AMBROSIUS INDUSTRIES, Inc.,**
Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**
Civ. A. No. 3176.

United States District Court
W. D. Kentucky, Louisville Division.
March 4, 1957.

Brown, Eldred & Tachau, Louisville, Ky., for plaintiff.

Woodward, Hobson & Fulton, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

July 19, 1956, the plaintiff, Ambrosius Industries, Inc., filed this action in this Court seeking to recover judgment against Liberty Mutual Insurance Company in the sum of $65,000, alleged to be due plaintiff under the terms of a liability insurance policy issued by the defendant to plaintiff covering a period from September 1, 1952, to September 1, 1953.

The policy filed with the complaint is in the usual form in such cases, obligating the defendant to pay on behalf of the insured all sums which the insured should become legally obligated to pay as damages because of bodily injury including death resulting therefrom sustained by any person and caused by accident. Also the policy obligated the defendant to pay legal liability of plaintiff for damages for injury and destruction of property caused by accident. The limits of liability, both for personal injury and property damage, were greatly in excess of the claims of the plaintiff in this action.

It was alleged that, on March 26, 1953, an accident occurred in the operation of plaintiff's motor crane in which Oley Adams was injured. Subsequently, Adams instituted an action against plaintiff in the Jefferson Circuit Court, in which action he recovered a judgment against plaintiff in the sum of $50,000 with interest at 2% from June 16, 1954, until November 21, 1955, and interest at the rate of 4% from November 21, 1955, until paid.

Ambrosius Industries, Inc., alleged compliance with the requirements of the policy with respect to giving notice of the accident and of the commencement of the action against it, and that during the pendency of the action defendant wrongfully, and without just cause, and in violation of the terms and conditions of the policy, returned to the plaintiff the "suit papers" and refused to defend the action or otherwise protect the interest of the plaintiff in regard to said litigation; that thereupon the plaintiff, at its own cost, retained counsel and bore the expense of a trial in the Jefferson Circuit Court, lasting approximately one week, and prosecuted an appeal from an adverse judgment in that court to the Kentucky Court of Appeals where said judgment was affirmed July 10, 1956. For more detailed information as to the proceeding in the State courts, see Ambrosius Industries, Inc., v. Adams, Ky., 293 S.W.2d 230.

The defendant, Liberty Mutual Insurance Company, filed its answer which, as amended, sets up as affirmative defenses the alleged failure by the plaintiff, as the insured under the policy, to comply with Paragraphs 8 and 9 of the policy. Paragraph 8 is as follows:

"Notice of Accident    When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of . the accident, the

names and addresses of the injured and of available witnesses."

Paragraph 9 of the policy is as follows:

"Notice of Claim or Suit   If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Interrogatories were demanded by each party from the other and a written stipulation filed in which counsel agreed there was no genuine issue of fact in the case, and counsel submitted the case to the Court on the question of law presented by depositions, answers to interrogatories, and admissions.

Findings of Fact

From the record, the Court makes the following findings of fact:

(1) For a premium to be determined by audit, the defendant, Liberty Mutual Insurance Company, issued to Ambrosius Industries, Inc., its policy of liability insurance covering the period from September 1, 1952, to September 1, 1953, thereby agreeing to pay on behalf of plaintiff damages because of bodily injury sustained by any person and caused by accident for the payment of which Ambrosius should become legally obligated, and to defend any suit against the insured alleging such injury and to pay any expense for premium on bonds, et cetera, all within the limits provided within said policy.

(2) The policy of insurance, among other conditions, contained Paragraphs 8 and 9 hereinabove copied.

(3) On or about March 26, 1953, said policy of insurance was in force when an accident occurred in which Oley Adams sustained personal injury, on account of which he recovered in the Jefferson Circuit Court a judgment against plaintiff in the sum of $50,000, together with interest and costs.

(4) At the time of the accident Ambrosius had rented to Holloway Ready-Mix Company, Inc., its motor crane with which it furnished its operator and oiler, M. L. Mears and Hall.   While Mears was operating the crane the accident occurred in which Oley Adams was injured.   On the day following the accident, Ambrosius sent to Liberty Mutual, on a printed form furnished by Liberty Mutual, a "Report of Public Liability Accident," the receipt of which was acknowledged by Liberty Mutual on April 9, 1953.   The space in the printed report for details with respect to personal injuries, that is, blanks following items such as "Name of person injured," "Where and by whom employed," "Nature and extent of injury," et cetera, were left blank.   As to property damage and on the blank following "Kind of Property and extent of damage" there was written, "Windshield was broken in our crane."   In the space headed "Description of Accident," following the date and where the accident occurred, the following was written as "Full description and cause," "Holloway and Son Const. Co.   Had our crane rented by the hour.   They had to heavy load, which broke cable sling that was attached to hopper.   Their Company is liable for accident."   In the space for the full names and addresses of witnesses there appeared, "M. L. Mears, our operator."

(5) Under date of September 28, 1953, Ed P. Jackson, Jr., an attorney at law, addressed to Mr. Ferd H. Ambrosius, President, Ambrosius Industries, Inc., 2791 S. Floyd Street, Louisville 13, Kentucky, the following letter:

"This letter is to advise that we represent Mr. Adams with reference to his claim against your company for injuries which he sustained on March 26, 1953 while assisting in the installation of a Ready-Mix plant at the Holloway Ready-Mix Company.

"If you would care to discuss Mr. Adams claim prior to the institution of action, will you please let us hear from you, your attorney or your insurer within the next ten days."

This letter was never forwarded to the Liberty Mutual Insurance Company.

(6) November 5, 1953, the action was filed in the Jefferson Circuit Court by Oley Adams, seeking to recover damages in the sum of $105,000 on account of injuries sustained in the accident. November 11, 1953, summons was served on the president of plaintiff company, which was forwarded to Liberty Mutual on or about December 10, 1953.

(7) At all times, Ambrosius Industries, Inc., was a corporation created under the laws of Kentucky, and the defendant Liberty Mutual Insurance Company, was a corporation organized under the laws of Massachusetts and authorized to engage in the business of issuing policies of liability and indemnity insurance in the Commonwealth of Kentucky.

(8) The defendant, Liberty Mutual Insurance Company, under date of December 8, 1953, wrote to Ambrosius, acknowledging notice of the filing of the suit by a telephone conversation with W. G. Hume, attorney, on December 4 previously. Ambrosius was advised that Liberty Mutual would conduct an investigation of the facts and circumstances surrounding the litigation "under a full and complete reservation of rights" under its policy. Subsequently, on April 12, 1954, Liberty Mutual again wrote to Ambrosius, saying that an extensive investigation had been conducted and Liberty Mutual had determined that breaches of conditions of the policy on the part of Ambrosius authorized and necessitated Liberty Mutual to disclaim any liability to Ambrosius, and advising that Ambrosius have its own selected counsel to take charge of the litigation.

The foregoing constitute the essential facts about which there is no dispute in this record and, as stipulated by the parties, the decision of the case hinges upon the question of law presented by these facts.

### Conclusions of Law

The Court makes the following conclusions of law:

(1) The Court has jurisdiction of the subject matter here involved and of the parties, Title 28, Section 1332, United States Code Annotated.

(2) The failure to give notice because an insured is of the opinion that it is not liable is not a sufficient legal excuse to avoid a requirement in a policy of liability insurance requiring the giving of notice "as soon as practicable" after the occurrence of an accident. Jeannette Glass Co. v. Indemnity Insurance Co., 370 Pa. 409, 410, 88 A.2d 407, 411.

There can be no question but that the report of the accident was duly given. The defendant's contention is that the failure of the insured to make reference to the personal injury sustained by Adams and to merely refer to the minor damage to the insured's crane by the breaking of its windshield constituted a breach of Paragraph 8 of the policy requiring notice containing all reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses, and was the equivalent of no notice at all. This Court is unwilling to say that the notice in this case is inadequate.

Cases from the Court of Appeals of Kentucky, or from our own Sixth Circuit, on the sufficiency of the initial notice are not numerous. The Kentucky Court of Appeals, in the case of Jefferson Realty Co. v. Employers' Liability Assurance Corp., 149 Ky. 741, 149 S.W. 1011, 1014, said, "A reasonable compliance with the conditions of the contract relating to notice is indispensable to fix liability."

While it might be said that a minor damage to a windshield in a motor crane might not be of sufficient size or importance as reflected against the limits of liability and premium in a policy such as here in question to require further investigation, it is equally convincing that a casual investigation of the accident involving the damage to the windshield would have disclosed to Liberty Mutual the injury to Adams and would have left to Liberty Mutual the decision of Ambrosius' liability on account of the "borrowed servant rule." It is unnecessary to decide this question, because the letter of Ed P. Jackson, Jr., to Ambrosius, dated September 28, 1953,

constituted a claim against Ambrosius on account of the injury sustained by Adams. Shallock, Inc., v. Zurich, 266 Wis. 265, 63 N.W.2d 89. No good reason appears in the record why the claim, evidenced by the letter from Jackson, was not forwarded to Liberty Mutual within a reasonable time after its receipt by Ambrosius. Paragraph 9 of the conditions of the policy required the insured to immediately forward a claim to the company, and the breach on the part of Ambrosius in failing to send this claim, in and of itself, is sufficient to absolve Liberty Mutual from its obligation to defend the action and to pay any resulting judgment and expenses of suit.

■ (3) The failure to give proper notice to the insurer of a claim against the insured absolves the insurer from liability, as this Court has determined in the cases of Standard Accident Insurance Co. v. Sonne, D.C., 128 F.Supp. 83, and Hines v. Royal Indemnity Co., D.C., 141 F.Supp. 234.

■ (4) This Court, having jurisdiction of this case because of diversity of citizenship of the parties, is controlled by the law of Kentucky. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Kentucky cases hold that conditions of a policy of indemnity insurance requiring the assured "immediately" or "as soon as practicable" to give written notice of the occurrence of an accident and to forward to the insurer claims, or summons, or other process are "conditions * * * material and important," and cannot be set aside as of no moment. Jefferson Realty Co. v. Employers' Liability Assurance Corp., 149 Ky. 741, 149 S.W. 1011; Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S.W.2d 307; Southern Surety Co. of New York v. Heyburn, 234 Ky. 739, 29 S.W.2d 6; Southeastern Telephone Co. v. Fidelity & Casualty Co. of N. Y., 272 Ky. 82, 113 S.W.2d 871; Travelers Insurance Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; Kentucky Farm Bureau Mutual Insurance Co. v. Miles, Ky., 267 S.W.2d 928. See also General Accident Fire & Liability Insurance Co. v. Dickinson, D.C.Cal.,

61 F.Supp. 153; Appleman, Insurance Law and Practices, Section 4739; Arthur v. London Guarantee & Accident Co., 78 Cal.App.2d 198, 177 P.2d 625.

### Conclusion

The Court, under the facts in this case and the above authorities, concludes that the plaintiff, by its failure to comply with the conditions subsequent provided in Paragraphs 8 and 9 of the conditions and limitations of the policy, is not entitled to any relief in this action against Liberty Mutual Insurance Company. Accordingly, the complaint will be dismissed by a judgment to be submitted by counsel for the defendant on notice to plaintiff's counsel.