# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

WILLIAM J. REILLY, AS FATHER OF DOROTHY REILLY, A MINOR v. RAYMOND LINDEN.
KANSAS CITY CASUALTY COMPANY, APPELLANT.[1]

December 23, 1921.

No. 22,394.

**Automobile insurance—written notice of accident—waiver of condition.**

1. Immediate service of written notice of an accident, under an indemnity policy, may be waived by parol, though the policy contains a clause that no condition, provision or agreement thereof shall be waived or altered except by written indorsement signed by certain designated officers.

**Waiver of condition does not refer to notice of accident.**

2. The clause of an indemnity policy providing that no officer, agent or other representative of the company shall have power to waive any condition thereof, except such as may be indorsed thereon or added thereto, has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice of the accident.

**Defense of action—payment of judgment by insured before suit against insurer.**

3. Where, in an indemnity policy, the insurer agrees to defend any

[1]Reported in 186 N. W. 121.

suit brought to enforce a claim for damages thereon, unless it elects to effect a settlement thereof, the insurer, by assuming to defend an action against the insured, is rendered liable for the judgment up to the amount of the policy, and the insured is not compelled to pay the judgment in order to recover from the insurer.

**Garnishment of insurer to impound judgment.**

4. In an action brought by a third party against the insured under an indemnity policy, where the insurer assumes the defense as it agreed to do under the policy, a judgment in the action becomes as between plaintiff, defendant and the insurer, a liability or debt owing unconditionally by the insurer to the insured, which may be reached by garnishment.

Action in the district court for Ramsey county to recover $5,000 upon an insurance policy. Appellant company was served with garnishee summons. The facts are fully stated at the beginning of the opinion. The case was tried before Haupt, J., who, at the beginning of the trial denied the garnishee's motion for judgment on the pleadings, and at the close of the testimony the garnishee's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, Kansas City Casualty Company, garnishee, appealed. Affirmed.

*Sexton, Mordaunt & Kennedy,* for appellant.

*Olof L. Bruce* and *Charles E. Bowen,* for respondents.

QUINN, J.

Appellant issued its indemnity contract covering defendant's automobile against loss by accident. On August 31, 1917, while the policy was in force, Dorothy Reilly, 6 years of age, was injured by the car. No written notice of the accident was served upon appellant until after the summons and complaint was served on January 2, 1918. On the following day defendant delivered a copy of the summons and complaint together with a notice of the accident to appellant's authorized representative, who directed him to deliver them to its attorneys. The attorneys received the summons and

complaint and took a sworn statement of the accident from the insured, retained the summons and complaint for 12 days pending investigation, and on the fifteenth day of January returned the same to the insured with notice that appellant refused to defend the litigation. Thereafter the insured employed counsel, issue was joined and the case finally placed upon the calendar for trial. Shortly after the action was commenced insured entered the army and no further proceedings were had until March 24, 1920, when judgment was entered by stipulation for $5,000 in favor of plaintiff and against defendant, and approved by the court. There was no collusion in procuring the judgment. On March 26, 1920, the garnishee summons was served on appellant, and on April 17 it made disclosure through its said attorneys, admitting the policy and that it was in force at the time of the accident, but disclaiming any debt or liability thereon, for the reason that no written notice of the accident or claim was served upon it as provided therein. Thereafter, upon motion, plaintiff was permitted to file a supplemental complaint under the provisions of G. S. 1913, § 7870, setting forth a waiver of the conditions of the policy requiring immediate written notice of the accident, to which appellant interposed an answer alleging failure of defendant to comply with the conditions of the policy in respect to giving notice, that the insured was required to pay the loss in money before any action would lie against it, and that appellant had never interfered with the litigation. The court submitted the question of waiver to the jury and a verdict was returned adverse to appellant. From an order denying its alternative motion for judgment or a new trial, appellant appeals.

At the time of the accident insured was 24 years of age, in the employ of an ice company, and lived at home with his mother. Henry O'Meara had transacted insurance with the mother for a number of years. He solicited, countersigned and delivered the policy in question and is therein designated as appellant's authorized representative. The mother testified upon the trial, in effect, that on the morning following the accident O'Meara called her over the telephone and informed her that he had seen an account of the accident in the paper and that he would be over to see about

it; that her son was at the ice house; that she informed him of the agent's coming and that he requested her to ask Mr. O'Meara what action he should take—whether he should give written notice; that O'Meara appeared a few hours later, inquired about the matter and requested her to call the hospital and ask about the child's condition; that she did and informed him of the response; that she then told O'Meara her son had requested her to ask him what action he should take and whether he should give written notice; that O'Meara said he should let the matter go and not stir it up, that there would be nothing to it, that the child was not hurt badly, that he would take care of defendant and for him not to bother about it until suit was brought; that this talk was repeated in substance later in the season when the premium payments were made. The mother's testimony was corroborated in detail by that of Miss Larson.

Mr. O'Meara was called as a witness and testified that he called the mother over the telephone on the morning following the accident, inquired about it and concerning the child, but that he told her that the insured must give written notice; that he collected $25 on the premium September 15 and a like amount on October 25 following the accident, but that no talk was had at these or at any other times concerning the accident. The verity of the testimony offered by respondent upon the question of a waiver was confirmed by the verdict.

The policy contains provisions as follows:

"A. Written notice of any accident and of any claim or suit resulting therefrom, with every summons or other process, must be immediately forwarded to the Home Office of the Company, or to its authorized representative."

"E. No action shall lie against the Company to recover for any loss or expense under this policy except for such loss or expense as assured shall have actually sustained and paid in money after actual trial of the issue."

"I. No condition, provision, or agreement of this policy, shall be waived or altered, except by written indorsement attached hereto and signed by the President, Vice-President, Secretary or Assistant Secretary of the Company; nor shall notice to any agent or other

person, nor shall knowledge possessed by any agent or other person, be held to effect a waiver or change in any part of this contract."

It is apparent that the insured followed O'Meara's directions as detailed by the mother upon the stand. He remained quiet until suit was brought. On the day following the service therein he took the summons and complaint, together with a written notice of the accident, to appellant's representative where he was directed to take the same to its attorneys. They accepted the papers, and took a sworn statement of the accident from the insured, without any suggestion that there was a lack of timely written notice. The attorneys retained the papers 12 days when they returned the summons and complaint with notice that appellant declined to defend the suit.

By the terms of the contract the insurer agreed "to defend in the name and on behalf of the Assured, any suit brought to enforce a claim for damages, whether groundless or not * * * unless or until the Company shall elect to effect settlement thereof." The agreement to defend was a part of the insurer's obligation on account of which the premiums were paid. Its refusal so to do was a violation of the conditions of the contract. The mere fact that the insured accepted and acted upon the advice of appellant's representative not to give written notice until suit was brought, does not excuse appellant from performing its part of the agreement. When the insurer issued its policy it assumed the defense of any action that might be brought to recover damages occasioned by the automobile during the period covered thereby, and when it accepted the summons and complaint, took a sworn statement from the insured and proceeded to investigate the case, it entered upon the defense thereof to all intents and purposes and should not be heard to say that it in no manner interfered with the litigation. When appellant assumed the defense it became liable for any judgment which might be obtained therein up to the amount of the policy and the insured was not compelled to pay the same in order to recover. The case of Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184, is a leading case upon the subject

and is in point. It was there held that: "By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract; and when it substituted itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured. The undertaking to defend is of no value, and may be of great danger, to the assured, where he thus abandons all control of the suit to the company, if it does not mean that whatever liability is established shall be discharged." American Indemnity Co. v. Fellbaum (Tex. Civ. App.) 225 S. W. 873; Davies v. Maryland Casualty Co. 89 Wash. 571, 154 Pac. 1116, L. R. A. 1916D, 395, 398; Maryland Casualty Co. v. Peppard, 53 Okla. 515, 157 Pac. 106, L. R. A. 1916E, 597; Blanton v. Kansas City Cotton Mills Co. 103 Kan. 118, 172 Pac. 987, L. R. A. 1918E, 541.

As a general rule it is held that a clause in a policy of insurance prohibiting any waiver unless indorsed thereon, refers only to those provisions of the policy which enter into and form a part of the contract of insurance; that it has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice. 14 R. C. L. 1345; Burlington Ins. Co. v. Lowery, 61 Ark. 108, 32 S. W. 383, 54 Am. St. 196; Wheaton v. North B. & M. Ins. Co. 76 Cal. 415, 18 Pac. 758, 9 Am. St. 216; Franklin Fire Ins. Co. v. Chicago Ice Co. 36 Md. 102. The same rule applies to the usual clause in a policy that no officer, agent or other representative of the company shall have power to waive any condition of the policy except such as may be indorsed thereon or added thereto. In addition to the foregoing authorities see McCollough v. Home Ins. Co. 155 Cal. 659, 102 Pac. 814, 18 Ann. Cas. 862; Bernhard v. Rochester German Ins. Co. 79 Conn. 388, 65 Atl. 134, 8 Ann. Cas. 298; Washburn-Halligan Coffee Co. v. Merchants Brick Mut. Fire Ins. Co. 110 Iowa, 423, 81 N. W. 707, 80 Am. St. 311.

The rule applies in the case at bar. A waiver of written notice of an accident under an indemnity policy may be inferred under a variety of circumstances, among which may be mentioned the act of the insurer or its authorized representative in representing to the

insured that written notice is not required until suit is brought. McCollough v. Home Ins. Co. supra. It has been held that, if the insured is led to believe that proofs are not required of him until prepared by the insurer, there is a waiver. Washburn-Halligan Co. v. Merchants Ins. Co. supra; Kenton Ins. Co. v. Wigginton, 89 Ky. 330, 12 S. W. 668, 7 L. R. A. 81; Hartford Fire Ins. Co. v. Keating, 86 Md. 130, 38 Atl. 29, 63 Am. St. 499. Applying this rule the jury was warranted in finding a waiver of the time of furnishing written notice of the accident. In Enos v. St. Paul Fire & M. Ins. Co. 4. S. D. 639, 57 N. W. 919, 46 Am. St. 796, it was held that, where the insurer subjects the insured to an examination under oath as to the loss, there is a waiver.

The authority of the attorneys to act is not questioned. They appeared, made the disclosure in garnishment, answered therein on behalf of appellant and conducted the litigation. At the time of the accident there were two young men in the automobile who shortly after the commencement of the suit entered the army. This fact emphasizes the importance of prompt action on the part of the defense. It was the appellant's duty to defend the suit and the abandonment thereof was unwarranted. It follows that the finding of a waiver was justified and that under the circumstances the judgment was a liability of the insurer to the insured subject to garnishment.

Affirmed.