## Commonwealth Life Insurance Company v. Vanhoose.

(Decided May 5, 1925.)

### Appeal from Johnson Circuit Court.

1. Insurance—Acceptance of Overdue Premiums by Unauthorized Agent Held Not to Reinstate Policy.—Where insurance contract provided that policy should lapse on premiums becoming more than four weeks in arrears, and that no agent had authority to waive forfeitures or receive premiums on policies in arrears more than four weeks, acceptance by agent of premiums which were then nine weeks in arrears did not reinstate policy.
2. Insurance—Whether Overdue Premiums Paid Before Insured's Death for Jury.—Whether plaintiff suing on life insurance policy, paid premiums, which were in arrears before death of insured, was question for jury on conflicting evidence.

PICKLESIMER & STEELE for appellant.

BLAIR & HERRINGTON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

By contract dated April 9, 1923, appellant, Commonwealth Life Insurance Company, insured the life of Rubie G. Vanhoose, the appellee, Willie Vanhoose being named as beneficiary. The amount of the insurance was $314.00 and the premium was ten cents per week, payable each Monday. The insured died October 29, 1923, and appellee instituted this action against appellant to recover the $314.00 under the policy. Appellant denied liability upon the ground that the policy had lapsed for nonpayment of premiums. The jury returned a verdict in favor of appellee for the full $314.00, and appellant has entered its motion for an appeal and would have us reverse the judgment for the several reasons set forth in its motion and grounds for a new trial.

It appears that with the policy there was delivered to the beneficiary of this insurance a premium receipt book. Appellee had it in his possession while testifying upon the trial of the case. He refused to file it as evidence, but was interrogated about it, and it was copied by the stenographer into the evidence in the case. It shows the last premium to have been paid August 13, 1923. Appellee testified, however, that on or about October 12, 1923, he paid to the local agent at Paintsville, Kentucky, all the premiums in arrears on the policy in question and enough additional to pay the premiums due up to October 22, 1923. He admitted that at the time he made that payment he was then nine weeks in arrears, but that appellant's agent accepted same and advised him that the payment then made paid all the premiums in arrears and the premiums due on the policy up to October 22nd. That payment was not entered on the premium receipt book, and Patton, the local agent of the company to whom appellee claimed to have made the payment, denied that it was paid or that any premium on the policy was paid after August 13th.

The following pertinent clauses are found in the insurance contract:

"2. Grace period. Should the death of the insured occur while any premium is in arrears not exceeding four weeks, the company will nevertheless pay the policy, subject to its conditions. . . .

"7. Alterations or Waivers. No person except the president, vice-president, secretary or assist-

ant secretary of the company, can alter this contract or waive any condition, privilege or provision thereof. Therefore, agents (which terms include superintendents and assistant superintendents), are not authorized and have no power to make, alter or discharge contracts, waive forfeitures, or receive premiums on policies in arrears for more than four (4) weeks, or to receipt for same in the receipt book, and all such arrears given to an agent shall be at the risk of those who pay them, and shall not be credited upon the policy, whether entered in the receipt book or not.''

Construing those two clauses together, it is manifest that although the premium on the policy in question was due each Monday, yet a grace period of four weeks was provided during which the policy remained in force. An agent of the company had authority to receive premiums in arrears not exceeding four weeks. Upon failure to pay the premium due for as much as four weeks the policy lapsed and forfeited. Clause 7 of the contract expressly provided that no person except the president, vice president, secretary or assistant secretary of the company had authority to waive forfeitures or to receive premiums on policies in arrears more than four weeks. That clause expressly provided that agents, including superintendents and assistant superintendents, did not have such authority. Therefore, even if the issue of fact between appellant's local agent and appellee as to whether or not appellee paid to him the premiums in arrears on the policy in question on October 12th, and paid the premiums in advance to October 22nd, should be decided in favor of appellee, yet, under the terms of the contract of insurance itself, that fact was not sufficient to reinstate the lapsed policy, because appellee himself admitted that he was then nine weeks in arrears in the payment of premiums. We would not be understood as concluding that appellee satisfactorily established that he paid the premiums in arrears on October 12th. Many circumstances found in the evidence make it extremely doubtful that he did so. However, as the case was tried that was a question for the jury. But the opportunity for fraud under similar circumstances renders obvious the necessity for stipulations such as the contract of insurance contained. We can not ignore the express terms of the policy in order to permit appellee to win. Under the

undisputed facts of this case, the instruction given that the jury might find for plaintiff if they believed from the evidence that, acting within the apparent scope of his authority, the company's agent, by his acts and dealings with appellee, induced him, a reasonable and prudent man, to believe and he did believe that the terms of the policy would be waived as to payment for a reasonable time was wholly unwarranted in view of the express provision of the policy itself that agents had no such authority.

It, therefore, follows that if we should concede all of appellee's testimony to be true as to the payment on October 12th, to the local agent of appellant company of the premiums then in arrears, he has yet failed to manifest his right to recover under the terms of his insurance contract. Consequently, upon appellant's motion so to do the trial court should have peremptorily instructed the jury to find for it.

For the reasons indicated the appeal is granted and the judgment herein is reversed and this cause remanded for further proceedings consistent herewith.