**LOUISVILLE & N. R. CO. v.
SERGENT et al.**

Court of Appeals of Kentucky.
May 22, 1951.

C. S. Landrum, C. E. Rice, Jr., Lexington, for appellant.

Napier & Napier, Hazard, for appellees.

CLAY, Commissioner.

This action was brought to enjoin appellant railroad from barricading a crossing over its right of way in the City of Whitesburg. The Chancellor found the crossing was not a public one, but granted the injunction for the benefit of appellees and others similarly situated on the ground of estoppel.

Prior to 1943 a tract of land lying south of the railroad right of way had been used as a ball park for games, carnivals, and other events. North of the right of way is State Highway 15, and for more than 20 years the public had at various points crossed the right of way on foot from the highway to reach the ball park when exhibitions there were in progress. There was a foot pathway generally used at the point where appellees claim the right to have a vehicular crossing maintained by appellant.

In 1943 one Polly and others purchased land near the ball park, south of the right of way, for the purpose of developing a subdivision. A plat of this subdivision was recorded in 1943, and shortly thereafter there was a public sale of some of the lots. In 1945 Polly himself was the owner of 16 lots in the subdivision. He then individually entered into a contract with appellant for the construction of a railroad

crossing which would lead from South Street in the subdivision to State Highway 15.

In 1945 this crossing was built at Polly's expense and was used by him and others until 1948, when Polly, under the provisions of the contract, cancelled it. After the contract was cancelled, appellant closed the crossing to vehicular traffic.

 Appellees take the position that because of the use of this particular point on the right of way by pedestrians over a period of at least 20 years, the public has a prescriptive right to this crossing, and appellant must be held to have dedicated it. At the outset appellees are met with the insurmountable difficulty that the long continued use was only by pedestrians, and assuming a prescriptive right to a walkway existed, about which there is serious doubt, it could not be expanded into an easement for vehicular traffic. It is fundamental, as stated in 17 Am.Jur., Easements, Section 100, that: "If an easement is acquired by prescription, the purpose for which the easement may be used is limited by the user under which the easement was acquired." See also 28 C.J.S., Easements, § 89; Bridwell v. Beerman, 190 Ky. 227, 227 S.W. 165; and Mann et al. v. Phelps, 269 Ky. 493, 107 S.W. 2d 288. The Chancellor therefore correctly adjudged that the crossing constructed was not a public one.

The only other question in the case is whether or not appellant is estopped to deny the right of appellees and others owning lots or living in the subdivision to use the crossing as constructed in 1945 for Mr. Polly. We are unable to see how the judgment may be upheld on this ground. The Chancellor took the view that it was inequitable for appellant to permit Polly's private crossing to exist and thereby induce persons to purchase their lots in the subdivision thinking they had a right to use it.

Of the six appellees, two did not testify, and one had purchased his lot before the construction of the crossing in 1945. The other three appellees apparently purchased their lots afterwards. None of them testified that any agent or employee of appellant made any representations with respect to their right to use the crossing, nor did any of them testify that they were induced to purchase their property in reliance upon such supposed right.

 The essential elements of equitable estoppel are accurately stated in 19 Am.Jur., Estoppel, Section 42. They are: "(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts."

Estoppel presupposes some fault, failing or fraud upon the part of the person to be estopped, which would make it inequitable to assert rights he might otherwise have. There is simply no showing in this case that appellant made any false representation or concealed any material facts which it was under a legal or moral duty to disclose to appellees or others, nor is there shown any intention on the part of appellant to mislead appellees, nor is it shown that appellees were actually deceived to their detriment. See Federal Surety Company v. Guerrant, 238 Ky. 562, 38 S.W.2d 425.

The only acts of appellant were to construct a private crossing (without crossing signs) and to write a letter to one of appellees and others acknowledging a complaint about blocking the crossing excessively and giving the assurance that the matter would be handled for correction.

This crossing was built under a private contract wherein the other party, Polly, agreed to indemnify appellant against any loss or damage arising out of its use. It is not shown that appellant entered into this contract for any improper purpose, or to mislead appellees. If the latter had made any inquiry they could have learned the facts. Certainly the plat of the subdivision, of which we must assume they had knowledge, did not show any crossing.

It is perhaps unfortunate that appellants do not have this particular convenient means of ingress and egress to and from

their property. However, they have failed to establish a sound reason why they should be permitted to appropriate without expense the property of appellant. Perhaps they may be able to acquire the right to use this crossing or persuade the City of Whitesburg to condemn it. They have not, however, shown a legal or equitable right to the injunction which was granted.

The judgment is reversed for the entry of one consistent with this opinion.