**NATIONAL SURETY CORPORATION,**
Appellant,

v.

Geneva **DOTSON**, Appellee.

No. 13756.

United States Court of Appeals
Sixth Circuit.

Sept. 28, 1959.

O. T. Hinton, Pikeville, Ky., Hinton & May, Pikeville, Ky., on brief, for appellant.

V. R. Bentley, Pikeville, Ky., for appellee.

Before ALLEN, MARIS and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellee, Geneva Dotson, recovered a judgment in the Pike Circuit Court of Kentucky for $8,000 against her husband, Willie Dotson, for damages on account of personal injuries suffered by her in an automobile accident while riding as a passenger in a car being operated at the

time by her husband. Willie Dotson carried an automobile liability policy on the car in question, issued by the appellant, National Surety Corporation, which was in force and effect at the time. Following the issuance of an execution under the judgment and its return unsatisfied, this action was instituted in the District Court by the appellee against the insurer, as provided for by the provisions of the policy. Following a jury trial and a verdict in favor of the appellee in the sum of $8,000, judgment was entered against the appellant, followed by this appeal.

The accident occurred on February 11, 1956. Willie Dotson in attempting to pass another car being driven by a man named Thacker was forced off the highway by the Thacker car and lost control of his own car, which resulted in the injuries to his wife. On the same afternoon the insured reported the accident to James I. Dotson (not related to appellee), who was the local agent for the appellant, who, in turn, reported the accident on the form furnished by the insurance company to the company's office at Lexington, Kentucky. The insured, in reporting the accident, claimed it was not caused by his negligence.

The insurance policy, under Coverage A thereof, obligated the insured "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, * * *." Coverage C–1 of the policy provided for medical payments to each person who sustained bodily injury while in the car caused by an accident, but this coverage was not dependent upon negligence of the insured. Due to the statement of Willie Dotson that the accident was not caused by his negligence, the insurance company did not negotiate with Geneva Dotson with respect to bodily injuries. It did, however, send to both Mr. and Mrs. Dotson forms to fill out and execute concerning claims for medical expenses, which forms were filled out and returned to the company. These claims were duly paid. In making this claim for medical expenses Geneva Dotson did not make or refer to any claim on her part for personal injuries by reason of the negligence of her husband.

Thereafter, on May 31, 1956, Willie Dotson took his wife, Geneva Dotson, who had obtained possession of the insurance policy, to his regular attorney in Pikeville, Kentucky, who, after reading the policy and discussing the matter with her, filed suit for her on that day in the Pike Circuit Court against her husband, Willie Dotson. Summons was served on Willie Dotson on June 14, 1956. No defense was made to the suit and on August 29, 1956, after receiving evidence on the question of injuries only, the jury returned a verdict of $8,000.

The policy contained a provision which required the insured to give written notice of an accident to the insurer as soon as practicable. It also contained in a separate paragraph this provision, "Notice of Claim or Suit—Coverages A and B. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." Another paragraph of the "Conditions" of the policy provided, "Action Against Company—Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Appellant concedes that the insured gave prompt notice to it of the accident, but contends that neither the insured nor anyone on his behalf forwarded to the company the summons which was served upon him in the state court action, by reason of which fact the suit was not defended and the judgment obtained. It is agreed that the summons was not forwarded to the insurance company. Appellee contends, however, that verbal notice was given to the insurance company

that the suit had been filed in sufficient time for it to defend the action and that this was a sufficient compliance with the provision of the policy.

With respect to notice of the suit, appellee's evidence was as follows. Geneva Dotson testified that on June 27, 1956, she and her husband stopped at a coal tipple near Toler, Kentucky, where the agent had a truck mine, at which time she talked to the agent. In answer to the question, "What did you tell him?" she said, "I told him if they didn't do something that I had already brought suit against Willie, you know." "Q. Willie Dotson? A. Yes, sir, and he said, 'Now, you know you didn't,' and just laughed and walked off is all he said." With respect to this meeting with the agent, Willie Dotson testified as follows about his wife's conversation, "And as I pulled over to one side and my wife told him, said, now, 'I have brought suit against my husband,' and he said, 'Well, you wouldn't sue your husband?' and she said, 'Well', says, 'bad as I got hurt,' says, 'looks like I am going to have to do something.'" "Q. Well, now, what did Mr. Dotson say to you when Mrs. Dotson told him that she had sued you? A. He didn't say nothing, only turned off and we started out and left."

Geneva Dotson also testified that on a later occasion, when she and her husband were in a car and met the agent at a stop light in Williamson, "I told him that I brought suit against Willie and he just laughed at me and said 'You know you didn't.'"

Although Geneva Dotson testified that Willie Dotson did not say anything on these occasions, Willie Dotson testified differently. With respect to the conversation with the agent on June 27, Willie Dotson testified that he told the agent, "My wife has sued me" and that the agent turned and walked off. He testified as follows with respect to a conversation with the agent about two or three weeks before the trial.

"Q. Now, was James I. Dotson notified that you had been summoned, been served with a summons in that case before that day of the trial? A. I told—stopped there to see Mr. Dotson and talking to him and I told him, I said, 'Looks like something is going to have to be done,' and he said, 'Your wife won't sue you.' I said, 'Mr. Dotson, you don't know what women will do this day and time.' I said, 'Women is getting funny as men,' and I said 'because you can't tell what they will do,' and he went ahead then, me and him, separate."

Based upon this evidence and relying upon the policy provisions above referred to, the appellant moved for a directed verdict both at the close of appellee's case and at the conclusion of all the evidence, which motions were overruled. The District Judge instructed the jury that the provisions of the policy requiring that notice of any claim or suit be given the insured was reasonable and valid, but that the law did not require that the provisions be followed out in detail, and that if the agent was told either by Willie Dotson or by Geneva Dotson that suit had been filed against Willie Dotson growing out of the accident, such notice was sufficient. He submitted to the jury the factual issue of whether such notice by word of mouth had been given to the agent. Following the verdict and judgment, appellant moved to set aside the verdict and judgment and to enter judgment in accordance with motion for directed verdict. The District Judge overruled this motion, relying in part upon Frank Parmelee Co. v. Aetna Life Ins. Co., 7 Cir., 166 F. 741.

 It is settled law in Kentucky, which is the applicable law in this case, that breach of a condition subsequent in a liability insurance policy of the kind herein involved is a valid defense to an action under the policy. Jefferson Realty Co. v. Employers' Liability Assurance Corp., 149 Ky. 741, 149 S.W. 1011; Sun Indemnity Co. v. Dulaney, 264 Ky. 112, 89 S.W.2d 307; Travelers Insurance Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421; Kentucky Farm Bureau Mutual Ins. Co. v. Miles, Ky., 267 S.W.2d 928.

Apparently, the District Judge did not follow these well settled rules because in his opinion the insurer received notice of the suit although not in the manner specified in the contract, which satisfied the purpose of the provision with respect to the summons, and the insurer was not prejudiced by receiving verbal notice instead of receiving the summons.

■ Discussing first the question of prejudice, we think the case of Jefferson Realty Co. v. Employers' Liability Assurance Corp., supra, 149 Ky. 741, 149 S.W. 1011, answers this contention. The Court there said, at pages 747–748, of 149 Ky., at page 1014 of 149 S.W. "But in our opinion it is wholly immaterial whether or not the appellee company was prejudiced by the unreasonable delay. If it could have been shown that it had been benefited, this fact would not affect the question." See also: Home Indemnity Co. of N. Y. v. Standard Acc. Ins. Co., 9 Cir., 167 F.2d 919, 925; New Jersey Fidelity & Plate Glass Ins. Co. v. Love, 4 Cir., 43 F.2d 82, 85–86.

■ There is, accordingly, presented the issue whether the appellant is entitled to rely upon the strict wording of its contract which required the insured to immediately forward the summons to it, or will the provision be considered complied with by the verbal notices which it received in this case. This is not a matter of construing liberally in favor of the insured ambiguous provisions in a policy of insurance, since the provisions in question are plain and unambiguous. Under such circumstances the rule of liberal construction is not applicable and the words must be accorded their plain and ordinary meaning. Burns v. Mutual Benefit Life Ins. Co., D.C.W.D.Mich., 79 F.Supp. 847, 852, affirmed 6 Cir., 179 F.2d 236; Woodard v. Calvert Fire Insurance Co., Ky., 239 S.W.2d 267, 269. It presents a pure question of law as to the right of an insurance company to insist that its insured comply with the plain contract provisions as written and agreed to before liability arises under the policy.

■ The fact that the provision requiring the forwarding of the summons is contained in a separate paragraph from the provision requiring notice of the accident shows that it was the intention of the parties that this requirement was in addition to a preliminary notice of the accident. As stated in Sun Indemnity Co. v. Dulaney, supra, 264 Ky. 112, 120, 89 S.W.2d 307, 311, "The parties thereto had the right to insert in the policy any provision they agreed upon, provided such was not unreasonable, illegal, or contrary to public policy." And, as pointed out in Jefferson Realty Co. v. Employers' Liability Assurance Corp., supra, 149 Ky. 741, 747, 149 S.W. 1011, the court is not privileged to disregard the conditions in a policy which would in effect make a new contract for the parties materially different from the one they made for themselves. Equitable Life Assurance Society of U. S. v. Adams, 259 Ky. 726, 731, 83 S.W.2d 461.

Parties experienced in such matters recognize the material difference which could exist between an indefinite, verbal notice that a suit had been filed without stating when or where and the exact and definite information disclosed by a summons. Commercial Standard Ins. Co. v. Gordon's Transports, 6 Cir., 154 F.2d 390, 394. The evidence in this case well illustrates the material difference between the oral notice given by the appellee and the kind of notice the appellant was entitled to under its contract. It refers to the probability of a suit being filed in the future as well as to the fact that a suit had been filed. It clearly indicates that appellant's agent construed it more as a threat to file a suit than as a notice that suit had been filed. Such construction of the conversation between the parties could have and should have been corrected. No such misconstruction of the facts would have existed if the summons had been delivered to the agent. For such reasons as these the courts have recognized the right of the insurer to provide in its policy for written notice of an accident instead of oral notice and to insist upon the performance of this condition. Federal Surety Co. v. Guerrant, 238 Ky. 562, 572, 38 S.W.2d 425. See

cases in Annotation, 76 A.L.R. 40; 18 A.L.R.2d 459.

On this issue we think the following statement of the Supreme Court in Imperial Fire Insurance Co. v. Coos County, 151 U.S. 452, at page 462, 14 S.Ct. 379, 381, 38 L.Ed. 231, is very much in point. "The compliance of the assured with the terms of the contract is a condition precedent to the right of recovery. If the assured has violated or failed to perform the conditions of the contract, and such violation or want of performance has not been waived by the insurer, then the assured cannot recover. It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made."

■ We are of the opinion that the verbal notices given by the appellee did not constitute a compliance with the policy provision which required the immediate forwarding to the insurer of the summons after service, and that the failure of the insured to do so was a valid defense to the action. Federal Surety Company v. Guerrant, supra, 238 Ky. 562, 572, 38 S.W.2d 425; Jefferson Realty Co. v. Employers' Liability Assurance Corp., supra, 149 Ky. 741, 149 S.W. 1011; New Jersey Fidelity & Plate Glass Ins. Co. v. Love, supra, 4 Cir., 43 F.2d 82, 85; Royal Indemnity Co. v. Watson, 5 Cir., 61 F.2d 614, 616. See also: Ambrosius Industries v. Liberty Mutual Insurance Co., D.C.W.D.Ky., 149 F.Supp. 24, 27–28; Equitable Life Assurance Society of U. S. v. Adams, supra, 259 Ky. 726, 731, 83 S.W.2d 461.

The judgment is reversed and the case remanded to the District Court with instructions that judgment be entered for appellant.